DEFENDANT:   DEVONERE JOHNSON
CASE NUMBER:   0758 3:20CR00079-001

AO 245 B (Rev. 3/01)(N.H. Rev.)                                                              Judgment - Page 1

# United States District Court
## Western District of Wisconsin

UNITED STATES OF AMERICA               **JUDGMENT IN A CRIMINAL CASE**
                                       (for offenses committed on or after November 1, 1987)

V.                                     **Case Number:**      0758 3:20CR00079-001

Devonere Johnson                       **Defendant's Attorney:**   Joseph Bugni

Defendant, Devonere Johnson, pleaded guilty to Count 2 of the indictment.

Count 1 of the indictment is dismissed on the motion of the United States.

Defendant has been advised of his right to appeal.

**ACCORDINGLY**, defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1951 | Robbery by Extortion, Class C felony | June 23, 2020 | 2 |

Defendant is sentenced as provided in pages 2 through 6 of this judgment.   The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED that defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.   If ordered to pay restitution, defendant shall notify the court and United States Attorney of any material change in defendant's economic circumstances.**

**Defendant's Date of Birth:**          ███ 1991

**Defendant's USM No.:**                05252-509

**Defendant's Residence Address:**      ███████
                                        Madison, WI ███

**Defendant's Mailing Address:**        Same as above

January 27, 2021

Date of Imposition of Judgment

*/s/ William Conley*

William M. Conley
District Judge

January 28, 2021

Date Signed:

DEFENDANT:    DEVONERE JOHNSON
AO 245 B (Rev. 3/01)(N.H. Rev.)       CASE NUMBER:    0758 3:20CR00079-001                    Judgment - Page 2

# IMPRISONMENT

As to Count 2 of the indictment, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for a term of time served.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

# RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

DEFENDANT:    DEVONERE JOHNSON
CASE NUMBER:    0758 3:20CR00079-001

AO 245 B (Rev. 3/01)(N.H. Rev.)                                                                                                    Judgment - Page 3

# SUPERVISED RELEASE/PROBATION

The term of imprisonment is to be followed by a two-year term of supervised release.  Defendant will be subject to the statutory mandatory conditions of supervision.  In light of the nature of the offense and defendant's personal history, I adopt condition numbers **2 through 4 and 7 through 15** as proposed and justified in the presentence report, noting that neither party has raised any objections to those proposals.   Although a discretionary condition regarding approved travel from the judicial district was initially recommended, the probation office did not persist in that recommendation following defendant's objection.   I find that the condition is not warranted at this time based on a review of defendant's risks and needs.  However, it is my expectation that the restitution and special assessment will be satisfied immediately. Expenses related to leisure travel out of district are ordinarily discouraged when there are outstanding financial obligations.

If, when defendant is released from confinement to begin his term of supervised release, either defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

The instant offense is not drug related and defendant has no history of drug use.   Therefore, the requirement for drug testing set forth at 18 U.S.C. § 3583(d) is waived.

Defendant is to abide by the statutory mandatory conditions.

## Statutory Mandatory Conditions

Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

Defendant shall not illegally possess a controlled substance.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard and special conditions that have been adopted by this court.

## Standard Conditions of Supervision

1)   Not imposed;

2)   Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions.   The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3)   Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4)    Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

5)    Not imposed;

6)    Not imposed;

7)    Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8)    Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9)    Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10)    Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

11)    Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame; and

12)    Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.

### Special Conditions of Release

13) Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns

14) Submit person, property, residence, papers, vehicle, or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.

15) Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them.   I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____    _____
Defendant                                                    Date

_____    _____
U.S. Probation Officer                                    Date

DEFENDANT:     DEVONERE JOHNSON
AO 245 B (Rev. 3/01)(N.H. Rev.)     CASE NUMBER:     0758 3:20CR00079-001     Judgment - Page 5

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| 2 | $100.00 | $0.00 | $12.50 |
| **Total** | $100.00 | $0.00 | $12.50 |

It is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.   He agreed to pay the assessment at or before sentencing and it is anticipated that he will honor this agreement.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his family upon release from custody.

# RESTITUTION

Defendant is to pay mandatory restitution in the amount of $12.50 to the U.S. Clerk of Court for the Western District of Wisconsin to be disbursed to the victim as noted in the presentence report.

Pursuant to the plea agreement, defendant has also agreed to pay the restitution immediately.   Immediate payment is so ordered.

DEFENDANT:    DEVONERE JOHNSON
CASE NUMBER:    0758 3:20CR00079-001
AO 245 B (Rev. 3/01)(N.H. Rev.)                                                                 Judgment - Page 6

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

<div style="margin-left:2em">
(1) assessment;<br>
(2) restitution;<br>
(3) fine principal;<br>
(4) cost of prosecution;<br>
(5) interest;<br>
(6) penalties.
</div>

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of Court, unless otherwise directed by the Court, the probation officer, or the United States Attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation Office, and U.S. Attorney's Office so that defendant's account can be credited.